| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MAURICE STUCKEY,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Severance of Charges for Separate Trials. The government has timely filed its response.

Defendant argues that the counts should be severed for trial because they comprise two separate, distinct groups of acts. Defendant argues that the first group is comprised of Counts One and Two, which allege criminal conduct on or about July 5, 2011: an attempted Hobbs Act robbery accompanied by a charged of using/carrying/brandishing/discharging a firearm during that crime of violence. Defendant contends that the government's evidence is that a drug deal was taking place at about 11:15 p.m. in a McDonald's parking lot at 5600 E. Independence Blvd. in Charlotte when it turned into an attempted armed robbery of R.P. The property that defendant allegedly attempted to obtain by robbery was marijuana. Two suspects were reported to have engaged in this conduct, both of them armed with firearms. One firearm, a .40 caliber Smith & Wesson handgun, was discarded at the scene and recovered by police. Defendant further contends that the second group is comprised of Counts Three and Four, which allege criminal conduct just after midnight on August 6, 2011: a carjacking accompanied by a charge of using/carrying/brandishing a firearm in that crime of violence, and that the government's

evidence is that the offenses took place at 700 E. 8th Street in uptown Charlotte, which isapproximately 6.4 miles from the location of the July 5, 2011 attempted robbery chargedin Counts One and Two.

In response, the government argues that the counts are properly charged in a single Bill of Indictment and should be tried together. It argues that the offenses are of the same or similar character, they constitute a common scheme or plan, and because the defendant has not established that he would be prejudiced by the joinder.

The court has carefully considered the Bill of Indictment as well as the arguments of counsel. In pertinent part, Rule 8(a) provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed.R.Crim.P. 8(a), Joinder of counts is appropriate where the offenses were based on the same underlying transaction or on two or more transactions which were either connected together or constituted parts of a common scheme or plan. In <u>Cataneo v. United States</u>, 167 F.2d 820, 822 (4th Cir. 1948), the Court of Appeals for the Fourth Circuit explained the term "transaction":

> This is not a technical term, nor is it a word of art. It has been variously defined and applied in numerous cases arising under the old Federal Equity Rules and in Code Pleading in connection with the joinder of causes of action and the permissibility of interposing counterclaims. Oft-quoted is the remark (under Equity Rule 30) of Mr. Justice Sutherland, in Moore v. New York Cotton Exchange, 270 U.S. 593, 610 [1926]. . . "`Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."

<u>Id.</u>, at 823 (parallel citations omitted). In more recent cases, appellate courts have held that joinder is proper where common activity constitutes a substantial portion of the proof of joined

charges.  <u>United States v. Roselli</u>, 432 F.2d 879 (9th Cir. 1970), <u>cert. denied</u>, 401 U.S. 924 (1971).  Here, it appears on the face of the indictment that the transactions underlying the counts are logically related.  Inasmuch as the offenses charged are based on "the same act or transaction, or are connected with or constitute parts of a common scheme or plan," Rule 8(a)'s requirements for joinder of charges have been met.

The second step requires weighing alleged prejudice against judicial economy.  Even where Rule 8 joinder is proper, allegations that joinder will prejudice defendant by preventing a fair trial must be weighed against the court's interest in judicial economy.  The issue under Rule 14 is whether prejudice due to joinder would likely infringe a defendant's sixth amendment right to a fair trial.  <u>United States v. Boffa</u>, 513 F. Supp. 444 (D.C. Del. 1980).  Relief from prejudicial joinder is governed by Rule 14(a), Federal Rules of Criminal Procedure, which provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14(a).  In order to warrant severance, the moving defendant must satisfy the burden of showing prejudice which will interfere with such defendant's constitutional right to a fair trial.  8 Moore's Federal Practice, at ¶ 14.02[1], 14-5, 6, *citing* <u>United States v. LaRouche</u>, 896 F.2d 815 (4th Cir. 1990).  Conclusory allegations that a defendant will be unduly prejudiced will not suffice; the burden is on the defendant to show that joinder will probably result in undue prejudice meriting severance.  <u>United States v. De La Cruz Bellinger</u>, 422 F.2d 723 (9th Cir.), <u>cert. denied</u>, 398 U.S. 942 (1970); *cf.* <u>United States v. McClure</u>, 734 F.2d 484 (10th Cir. 1984).  After a defendant's initial showing, the court must balance such concerns with the court's interest

in "speed, efficiency and convenience in the functioning of the federal judicial machinery . . . ."

Cataneo v. United States, supra. Defendant, however, has not made any particularized showing. When placed in the balance, the court's interest in trying all charges in one trial outweighs the potential for prejudice.

Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Severance of Charges for Separate Trials (#15) is **DENIED**.

Signed: May 3, 2013

Max O. Cogburn Jr.
United States District Judge