UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-569-MOC
(3:12-cr-384-MOC-1)

| | |
|---|---|
| MAURICE STUCKEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

In July 2011, armed with a gun, Pro se Petitioner Maurice Stuckey attempted to rob a drug dealer of marijuana. (Crim. Case No. 3:12-cr-384, Doc. No. 42 at 4: PSR). That dealer, Rafael Pena, had driven his car to a McDonald's restaurant to sell the drug. (Id.). Petitioner entered the passenger's seat of Pena's car and pointed a nine-millimeter handgun at Pena's head. (Id.). Pena grabbed the gun and the two individuals struggled for control. (Id.). The gun discharged, firing a round that hit neither Petitioner nor Pena. (Id.). Another individual then approached the vehicle with a gun and shot Pena several times. (Id.). Petitioner and the other individual fled. (Id.).

In August 2011, Petitioner carjacked another individual with a firearm. (Id.). Petitioner and a co-conspirator approached that individual, S.W., in his back yard in Charlotte. (Id.). Petitioner pointed a gun at S.W., while his coconspirator searched S.W.'s pockets, finding nothing. (Id.). Petitioner and his coconspirator discussed the possibility of putting S.W. in the

1

trunk of S.W.'s own car, before Petitioner ordered S.W. to enter that car. (Id.). Petitioner's co-conspirator then drove S.W.'s car a short distance with Petitioner in the back before stopping. (Id.). Petitioner and his co-conspirator then walked away from the vehicle. (Id.).

Petitioner was indicted and pleaded guilty, pursuant to a written plea agreement, to one count of robbery under the Hobbs Act, 18 U.S.C. § 1951(b)(1), (b)(3), arising out of the July 2011 robbery effort, and one count of brandishing a firearm during and in relation to a crime of violence, arising out of the August 2011 carjacking, 18 U.S.C. § 924(c). (Id., Doc. No. 42 at 3-4; Doc. No. 24: Superseding Indictment). This Court's Probation Office prepared a presentence report that, among other things, concluded that the total offense level for Petitioner's Hobbs Act conviction was 28. (Id. at 4). That total included a seven-offense-level increase under section 2B3.1(b)(2)(A), which provides, "[i]f a firearm was discharged, increase by 7 levels." (Id.). The applicable provisions called for Petitioner's sentence for the conviction under 18 U.S.C. § 1951(b)(1), (b)(3), from the July 2011 robbery effort, to run consecutive to an 84-month sentence for his conviction under 18 U.S.C. § 924(c), for the firearm count arising from the August 2011 carjacking offense. (Id. at 12).

This Court sentenced Petitioner to 181 months of imprisonment, at the low end of the range of prison terms advised by the United States Sentencing Guidelines. (Id., Doc. No. 49 at 39-40: Sentencing Hr'g. Tr.). This Court adopted the conclusions of the final presentence report, after neither the Government nor Petitioner objected. (Id. at 15-17). The Court rejected a request by the Government that Petitioner not receive a downward adjustment for acceptance of responsibility in the light of a letter in which he denied possession of the firearm. (Id. at 16).

The Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal in February 2015, in the light of the waiver that Petitioner executed as part of his plea agreement. United States v. Stuckey, No. 14-4474 (4th Cir. Feb. 2, 2015).

On November 20, 2015, Petitioner timely filed the present § 2255 motion, arguing that his attorney was constitutionally deficient and the Government engaged in prosecutorial misconduct because neither party challenged the application of a seven-offense-level enhancement that the United States Sentencing Guidelines calls for when a firearm is discharged. The Government filed its Response on January 20, 2016, in which the Government argues that Petitioner's ineffective assistance of counsel claim is without merit, and that his prosecutorial misconduct claim is procedurally defaulted and without merit. Petitioner filed his Reply on April 14, 2016.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**A. Petitioner's Claims of Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient

performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

In support of his ineffective assistance of counsel claim, Petitioner purports to identify two related omissions by his attorney, which he contends constitute constitutionally deficient errors. Petitioner first contends that his attorney was deficient for omitting to object to the seven-offense-level enhancement to which he was subject under section 2B3.1(b)(2)(A) of the Guidelines. Petitioner was subject to that enhancement because the factual basis, which Petitioner agreed to and does not dispute, states that two firearms were discharged during Petitioner's July 2011 Hobbs Act offense—the weapon over which Petitioner and Pena fought, and the weapon that was used to shoot Pena multiple times. (Doc. No. 36 at 1-2: Factual Basis). The weapon that discharged need not have been in Petitioner's hands to earn him the enhancement. See United States v. Williams, 51 F.3d 1004, 1011 (11th Cir. 1995) (upholding enhancement where defendant induced victim to fire weapon).

Because at least one firearm was discharged during Petitioner's Hobbs Act offense, this Court properly applied the enhancement under section 2B3.1(b)(2)(A), which, by its terms, applies "[i]f a firearm was discharged." Petitioner's arguments to the contrary are misplaced. That is, this Court did not "double count[]" the weapon use that earned Petitioner his conviction for use of a firearm during and in relation to his August 11 carjacking. (Doc. No. 1 at 13 (citing United States v. Goines, 357 F.3d 469, 473 (4th Cir. 2004) (explaining that "a sentence for a § 922(g) offense may not be enhanced based on conduct that also resulted in a § 924(c) conviction")). The firearm discharge that earned him the enhancement under section 2B3.1(b)(2)(A) occurred in July 2011 during his Hobbs Act offense against Pena. The firearm use that earned him his separate conviction under 18 U.S.C. § 924(c) occurred in August 2011, during his carjacking offense against S.W. See United States v. Bob, 62 F. App'x 47, 53 (4th Cir. 2003) (noting that there was no "double counting" because the underlying offense for the

5

Section 924(c) conviction was drug trafficking, not the petitioner's Section 922(g) conviction). Nor, contrary to Petitioner's contention, has the seven-level enhancement called for by section 2B3.1(b)(2)(A) been "abrogated for years." (Doc. No. 1 at 13); see, e.g., United States v. Aurelhomme, 598 F. App'x 645, 648 (11th Cir. 2015) (upholding enhancement under that section).

Because a challenge to the enhancement Petitioner received under section 2B3.1(b)(2)(A) would have been meritless, Petitioner's attorney did not act unreasonably by declining to raise it. Thus, Petitioner cannot show prejudice. No reasonable probability exists that the challenge, if raised, would have been successful. As Petitioner points out, the presentence report did incorrectly state that "the offense level is increased six levels" under section 2B3.1(b)(2)(A) (emphasis added), when that section actually calls for a seven-offense-level increase. This discrepancy was an obvious typographical error that did not affect the proceedings, as the presentence report added the correct number of levels—seven, U.S.S.G. § 2B3.1(b)(2)(A)—when computing Petitioner's offense level. (Crim. Case No. 3:12-cr-384, Doc. No. 42 at 5: PSR).

The Court finds as meritless Petitioner's contention that his attorney rendered deficient performance because he failed to challenge this typographical error. See (Doc. No. 1 at 13-14). The error was minor and had no bearing on Petitioner's sentence. In any event, to the extent the typo could have had an effect, that effect would have favored Petitioner. A six-level enhancement would have meant a lower advisory Guideline range than the seven-level enhancement he properly received. Petitioner's attorney quite reasonably ignored this typographical error to focus on more important matters. See Chandler v. United States, 218 F.3d 1305, 1319 (11th Cir. 2000) ("Good advocacy requires 'winnowing out' some arguments,

witnesses, evidence, and so on, to stress others.'"). Petitioner cannot establish prejudice because he would have received the same sentence if the Court had corrected the error.

In sum, Petitioner's first claim is without merit.

**B. Petitioner's Claim of Prosecutorial Misconduct**

Petitioner next asserts that the Government engaged in prosecutorial misconduct by omitting to challenge this Court's determination that the discharge of firearms during his Hobbs Act robbery earned him a seven-offense-level enhancement under section 2B3.1(b)(2)(A) of the Sentencing Guidelines. (Doc. No. 1 at 13-14). For the following reasons, Petitioner's claim of prosecutorial misconduct is barred by procedural default and is, in any event, without merit.

First, because Petitioner has raised this prosecutorial-misconduct theory for the first time in his motion under Section 2255, it is subject to a procedural bar unless Petitioner can demonstrate either cause and prejudice or actual innocence. See Jackson v. United States, 638 F. Supp. 2d 514, 601 (W.D.N.C. 2009). Petitioner's failure even to attempt to identify cause or prejudice or claim actual innocence is fatal to his theory. Although ineffective assistance of counsel can establish cause for a procedural default, see Murray v. Carrier, 477 U.S. 478, 489 (1986), Petitioner does not contend that his trial attorney should have accused the Government of prosecutorial misconduct. Nor would omitting to do so be ineffective assistance. As explained above, this Court properly applied the seven-offense-level enhancement, and Petitioner's attorney was not deficient for failing to challenge it at sentencing. Moreover, nothing in Petitioner's motion suggests any cause for Petitioner's failure to assert his prosecutorial-misconduct theory on appeal, or prejudice resulting from that omission. Thus, Petitioner has failed to meet the standard for overcoming his procedural default. See Pahutski v. United States,

7

No. 3:07-CR-00211-MR-1, 2014 WL 2208923, at *4 (W.D.N.C. May 28, 2014) (dismissing a procedurally defaulted claim on a motion under Section 2255).

Even if it were not procedurally defaulted, Petitioner's prosecutorial-misconduct theory would fail on the merits. To establish prosecutorial misconduct, Petitioner must demonstrate (1) that the conduct of the United States was in fact improper and (2) that the improper conduct prejudicially affected Petitioner's substantial rights so as to deprive him of a fair trial. United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993). Petitioner's allegations do not describe conduct by the Government that was improper or that affected his substantial rights. As explained previously, this Court properly applied the seven-level enhancement called for by Section 2B3.1(b)(2)(A) of the Guidelines. It was not improper for the Government to decline to raise a meritless objection to that decision. Petitioner's contention that his plea agreement with the Government imposed a "duty to contest the seven-level enhancement," (Doc. No. at 1), is contradicted by the terms of the agreement. Petitioner's agreement with the Government sets out the "findings and conclusions" under the Sentencing Guidelines that both parties would recommend to this Court. (Crim. Case No. 3:12CR384, Doc. No. 30 at 2: Plea Agreement). A finding against an enhancement under Section 2B3.1(b)(2)(A) is not among them. (Id.). To the contrary, the plea agreement specifies that the "United States will inform the Court and the probation office of all facts pertinent to the sentencing process and will present any evidence requested by the Court." (Id.). The Government did not breach its plea agreement or otherwise engage in improper conduct by omitting to challenge this Court's application of the enhancement.[1] Nor can Petitioner establish that any omission to challenge the enhancement

---

[1] Furthermore, to the extent that Petitioner contends in his Reply that he was never notified of the potential that his sentence could be enhanced, this contention is without merit, as the plea agreement specifically stated, and Petitioner affirmed in the plea colloquy, that he understood

prejudicially affected Petitioner's substantial rights. This Court was aware that firearms were discharged during Petitioner's Hobbs Act offense because Petitioner stipulated to those facts. Moreover, the facts warranted application of the enhancement. Nothing in the record suggests that this Court would have sustained a meritless objection to the enhancement from either party. Accordingly, Petitioner's claim based on alleged prosecutorial misconduct is both procedurally defaulted and without merit.

In sum, Petitioner's second claim is without merit.

### IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

---

that the Court would consider the United States Sentencing Guidelines in determining the sentence, and that the Court had "not yet determined the sentence and that any estimate of the likely sentence is a prediction rather than a promise." (Id.; see also Doc. No. 63 at 7-8: Plea Hr'g. Tr.).

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 15, 2016

Max O. Cogburn Jr
United States District Judge